UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MICHAEL JENNER,<br><br>Defendant. | Case No. 3:12-cr-00036-RCJ<br><br>**ORDER** |

After exhausting, Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the Government does not oppose the motion. The Court therefore grants it.

**BACKGROUND**

In 2012, Defendant pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2255A(a)(2), (b). (ECF No. 29.) Before this crime, Defendant had no criminal history. The Court sentenced Defendant to eleven years of imprisonment to be followed by a lifetime of supervised release. (ECF No. 37.) Between serving more than eight years of his sentence and good time credit, Defendant has a projected release date of September 28, 2021. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on May 28, 2020). Defendant is currently seventy-three years old, (*see id.*), and suffers from prediabetes and hyperlipidemia, (ECF No. 43). On May 14, 2020, Defendant, through the assistance of his counsel,

sent the warden an email requesting compassionate release. (ECF No. 42 Ex. B.) In his motion, Defendant claims that, if he is released, his daughter will allow him to temporarily live with her and assist in making a down payment for more permanent residence.

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons." § 3582(c)(1)(A).

Either the Bureau of Prisons (BOP) or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement requires a court to find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

Defendant satisfies these elements, and the Court, in its discretion, accordingly grants the motion. First, Defendant has sent a request to the warden more than thirty days before now, so he has properly exhausted this motion. Second, while Defendant's medical conditions and age would not usually constitute extraordinary and compelling reasons under § 1B1.13, the Government now stipulates that they do in conjunction with the ongoing COVID-19 pandemic. Third, the Court finds that Defendant is not a danger to the society. Distribution of child pornography is a serious crime, but Defendant will still be subject to a lifetime of supervised release with conditions that mitigate any danger that he poses, including (but not limited to) registration as a sex offender, being subject to warrantless searches by a probation officer, and being required to provide the probation office with accurate information regarding his access to computers. (ECF No. 37.) Fourth, the Court finds that a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). Defendant has already served the vast majority of his sentence, and with the danger that COVID-19 poses to him while incarcerated the Court finds that his sentence in conjunction with his supervised release term adequately "provide[s] just punishment for the offense." *Id.* § 3553(a)(2)(A).

The Court thus reduces Defendant's term of imprisonment to time served. Defendant's lifetime term of supervised release applied by this Court's Judgment (ECF No. 37) will remain in full effect. Prior to releasing Defendant, the Government urges the Court to first order "that

defendant be quarantined for a 14-day period and given medical clearance, consistent with BOP policy." (ECF No. 44.) The Court agrees and grants this request.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF No. 42) is GRANTED.

IT IS FURTHER ORDERED that Defendant's term of imprisonment is reduced to time served.

IT IS FURTHER ORDERED that Defendant be quarantined for a 14-day period and given medical clearance, consistent with BOP policy, before release.

IT IS FURTHER ORDERED that this Court's sentence of supervised release for the remainder of Defendant's life remains in effect, including all conditions of supervision enumerated in this Court's Judgment.

IT IS SO ORDERED.

Dated June 29, 2020.

_____
ROBERT C. JONES
United States District Judge